

FILED

IN THE DISTRICT COURT OF THE UNITED STATES NOV 1 6 2007
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr289-MEF |
| | ) | [18 U.S.C. § 286; |
| ROSETTA LOLA CANIDATE DEJARNETTE, | ) | 18 U.S.C. § 641; |
| a/k/a "Lola," a/k/a Lolla Candidate, | ) | 18 U.S.C. § 1028A; |
| a/k/a Lola Dejarnette | ) | 18 U.S.C. § 2] |
| DAN LEE JOHNSON , | ) | |
| a/k/a "Mane," a/k/a "Pop" | ) | |
| DELLA MAY JONES, and | ) | |
| MACK MURRELL | ) | **INDICTMENT** |
| | ) | |

The Grand Jury charges:

## INTRODUCTION

1.    The Federal Emergency Management Agency ("FEMA") is an agency of the
United States Department of Homeland Security.  FEMA's responsibilities include, among
other things, providing disaster assistance to individuals in an area that has been declared a
major disaster.

2.    On August 29, 2005, Hurricane Katrina made landfall in the Gulf Coast Region
of the United States.  On that date, the President of the United States declared that a major
disaster existed in portions of Alabama, Louisiana, and Mississippi.  As a result of that
declaration, people in the affected areas were eligible to apply for disaster assistance from
FEMA.

3.    On September 24, 2005, Hurricane Rita made landfall near the Louisiana-Texas border. On that date, the President of the United States declared that a major disaster existed in portions of Louisiana and Texas. As a result of that declaration, people in the affected areas were eligible to apply for disaster assistance from FEMA.

4.    Different forms of disaster assistance were made available by FEMA for those people located in the affected areas. Because many people were displaced by Hurricanes Katrina and Rita, FEMA provided a streamlined process for victims to receive expedited assistance in the form of a $2,000 disbursement. FEMA later provided rental assistance of up to $2,358, along with other forms monetary assistance to those who qualified. To obtain such assistance, a person could apply by calling a toll-free telephone number for FEMA, by sending an application over the Internet, or by applying in person. Each applicant for expedited assistance was asked to provide their name, social security number, current and pre-disaster addresses, and telephone numbers, among other things. If approved, an applicant could choose whether to receive their FEMA disaster assistance by a check that would be mailed to an address selected by the applicant or by a wire transfer that would be sent to a bank account selected by the applicant.

5.    The only people entitled to receive disaster assistance from FEMA for Hurricanes Katrina or Rita were those people whose primary residence was located in one of the areas that was designated as being affected adversely by one of those declared major disasters. At no time was any county in the Middle District of Alabama included in the areas

-2-

of the country for which residents were eligible to obtain disaster assistance from FEMA for

Hurricanes Katrina or Rita.

6.     The defendants, Rosetta Lola Canidate Dejarnette, Della May Jones, Mack

Murrell, and Dan Lee Johnson, each resided within the Middle District of Alabama and were

acquaintances.  None lived in any of the areas of the country for which residents were

eligible to obtain disaster assistance from FEMA for Hurricanes Katrina or Rita.

### COUNT 1
### CONSPIRACY TO FILE FALSE CLAIMS

7.     From in or about September, 2005 until in or about January, 2006, the exact

date or dates being unknown to the Grand Jury, in the Middle District of Alabama and

elsewhere, the defendants,

### ROSETTA LOLA CANIDATE DEJARNETTE,
### DAN LEE JOHNSON,
### DELLA MAY JONES, and
### MACK MURRELL

along with other persons both known and unknown to the Grand Jury, knowingly and

willfully entered into an agreement, combination, and conspiracy with each other to defraud

the United States and an agency and department thereof–specifically FEMA and the

Department of Homeland Security–by obtaining and aiding to obtain the payment and

allowance of false, fictitious, and fraudulent claims in the following manner and means.

8.     It was part of the agreement, combination, and conspiracy that Johnson, Jones,

Murrell, along with other persons known and unknown to the Grand Jury, would, with the

assistance of Dejarnette, file false claims in order to defraud FEMA from funds intended for

Hurricane Katrina or Rita victims and for which they were not entitled. Each of the false claims allegedly damaged addresses came from the same street–Arnoult Road in Metairie, Louisiana. Dejarnette, along with other persons known and unknown to the Grand Jury, also filed her own claims using the Arnoult Road address and an address in Mobile, Alabama. In applying for aid, the defendants used other persons' social security numbers.

All in violation of Title 18, United States Code, Section 286.

### COUNTS 2–6 THEFT OF GOVERNMENT PROPERTY

9.     The allegations contained in paragraphs 1 through 6 of this Indictment are hereby realleged and incorporated herein by reference.

10.     On or about the following dates, the following applications were filed in the following names with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, for benefits in connection with Hurricanes Katrina or Rita claiming damage to the following addresses:

| Applicant Name | Application Number | Claimed Disaster | Application Date | Claimed Damaged Address |
|---|---|---|---|---|
| Lolla Candidate | 93-1258694 | Katrina | September 15, 2005 | 1252 Baltimore St Mobile AL |
| Lola Dejarnette | 91-2113046 | Katrina | September 16, 2005 | 2217 N Arnoult Rd Metairie LA |
| Dan Johnson | 93-1609345 | Rita | October 6, 2005 | 2213 N Arnoult Rd Metairie LA |
| Della M Jones | 93-1694407 | Rita | October 14, 2005 | 1232 N Arnoult Rd Apt F Metairie LA |
| Mack Murrell | 93-2015195 | Katrina | November 22, 2005 | 2136 N Arnoult Rd Metairie LA |

11.    Each of these applications falsely represented that the defendants had rented the above mentioned claimed addresses as his or her primary residence.  In fact, the defendants did not reside in Louisiana or Mobile, Alabama and did not suffer the losses claimed.

12.    On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, the following defendants, did, while aiding and abetting and while being aided and abetted by other persons both known and unknown to the Grand Jury, embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, and did receive, conceal, and retain the same with the intent to convert it to their  use and gain, knowing it to have been embezzled, stolen, purloined and converted as described below:

| Count | Defendant | Date | Item |
| --- | --- | --- | --- |
| 2 | Dejarnette | 09-16-05 | FEMA disaster assistance funds in the amount of $2,000, check number 222123285113. |
| 3 | Dejarnette | 09-22-05 | FEMA disaster assistance funds in the amount of $2,000, check number 222123305934. |
| 4 | Dejarnette & Johnson | 10-13-05 | FEMA disaster assistance funds in the amount of $2,000, check number 222174409001. |
| 5 | Dejarnette & Jones | 10-19-05 | FEMA disaster assistance funds in the amount of $2,000, check number 222174618757. |
| 6 | Dejarnette & Murrell | 12-21-05 | FEMA disaster assistance funds in the amount of $2,358, check number 222175385250. |

All in violation of Title 18, United States Code, Sections 641 and 2.

## COUNTS 7-11 – AGGRAVATED IDENTITY THEFT

11.    The allegations set forth in paragraphs 1 through 10 of this Indictment are hereby realleged as if set forth herein.

12.    From in or about September, 2006 until, in or about January, 2006, the exact date or dates being unknown to the Grand Jury, in the Middle District of Alabama and elsewhere, the defendants as indicated below, while aiding and abetting each other and other persons both known and unknown to the Grand Jury, and while being aided and abetted by the same, during and in relation to an enumerated felony, namely, theft of government property as charged in the following counts of this Indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is the following Social Security Numbers:

| Count | Defendant | Date | Last four Digits of Social Security No. | Corresponding Theft Count |
|-------|-----------|------|------------------------------------------|----------------------------|
| 7 | Dejarnette | 09-16-05 | 2586 | 2 |
| 8 | Dejarnette | 09-22-05 | 2018 | 3 |
| 9 | Dejarnette & Johnson | 10-13-05 | 6286 | 4 |
| 10 | Dejarnette & Jones | 10-19-05 | 1646 | 5 |
| 11 | Dejarnette & Murrell | 12-21-05 | 2562 | 6 |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

A TRUE BILL:

Foreperson

LEURA G. CANARY
United States Attorney

CHRISTOPHER A. SNYDER
Assistant United States Attorney