```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE MIDDLE DISTRICT OF ALABAMA

 3                         NORTHERN DIVISION

 4

 5      UNITED STATES OF AMERICA

 6          vs.              CASE NO.: 2:07-cr-289-MEF-4

 7      MACK MURRELL,

 8              Defendant.

 9              *  *  *  *  *  *  *  *  *  *  *  *  *  *

10                         CHANGE OF PLEA

11              *  *  *  *  *  *  *  *  *  *  *  *  *  *

12          BEFORE THE HONORABLE UNITED STATES MAGISTRATE JUDGE

13   TERRY F. MOORER, at Montgomery, Alabama, on Monday, February 25,

14   2008, commencing at 2:40 p.m.

15                         APPEARANCES

16   FOR THE GOVERNMENT:     Mr. Steve Feaga
                             Assistant United States Attorney
17                           OFFICE OF THE UNITED STATES ATTORNEY
                             131 Clayton Street
18                           Montgomery, Alabama  36104

19   FOR THE DEFENDANT:      Mr. C. Pate Debardelaben
                             2835 Zelda Road
20                           Montgomery, Alabama  36104

21
                  Proceedings reported stenographically;
22
                     transcript produced by computer
23

24

25
```

1              (The following proceedings were heard before the

2  Honorable United States Magistrate Judge Terry F. Moorer, at

3  Montgomery, Alabama, on Monday, February 25, 2008, commencing at

4  2:40 p.m.)

5          THE COURT:  Good afternoon.  Now is the time that the

6  Court has set for a change of plea in the case of United States

7  versus Mack Murrell, case number 7cr289.  Is the United States

8  ready to proceed?

9          MR. FEAGA:  We are, Your Honor.

10          THE COURT:  Is the defendant?

11          MR. DEBARDELABEN:  Yes, Your Honor.

12          THE COURT:  Mr. Murrell, it's my understanding that you

13  wish to enter a plea of guilty today.

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  For that purpose, then, I need you to take

16  the oath.

17          (Defendant was sworn)

18          THE COURT:  Do you understand that you're now under

19  oath, and if you answer any of my questions falsely, your

20  answers may later be used against you in another prosecution for

21  perjury or making a false statement?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  What is your full name?

24          THE DEFENDANT:  Mack Murrell.

25          THE COURT:  How old are you, Mr. Murrell?

```
 1              THE DEFENDANT:  66.

 2              THE COURT:  How far did you go in school?

 3              THE DEFENDANT:  Finished the 12th.

 4              THE COURT:  Have you been treated recently for any

 5   mental illness or addiction to narcotic drugs of any kind?

 6              THE DEFENDANT:  No, sir.

 7              THE COURT:  Are you currently under the influence of

 8   any drug, medication, or alcoholic beverage of any kind?

 9              THE DEFENDANT:  I take medicine, but not no alcoholic,

10   not no drug related.

11              THE COURT:  Does any of the medication you take affect

12   your ability to understand what's going on?

13              THE DEFENDANT:  No, sir.

14              THE COURT:  Have you received a copy of the indictment;

15   that is, the written charge in this case?

16              THE DEFENDANT:  Yes, sir.

17              THE COURT:  Have you and your attorney,

18   Mr. Debardelaben, discussed the indictment and your case in

19   general?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Are you fully satisfied with the counsel,

22   representation, and advice given to you in this case by

23   Mr. Debardelaben?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:   It's my understanding that there is a plea
```

1   agreement in this case, Mr. Murrell.  Is this your signature on

2   page 13 of the plea agreement?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Did you have an opportunity to read and

5   discuss the plea agreement with Mr. Debardelaben before you

6   signed it?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Does the plea agreement reflect the entire

9   understanding or agreement between you and the United States?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  Do you understand the terms of the plea

12  agreement?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  Would you please outline for me the terms

15  of the plea agreement, either Mr. --

16           MR. DEBARDELABEN:  Your Honor, I will do so.  Your

17  Honor, there is a -- Mr. Murrell is charged in counts one, six,

18  and 11 of the indictment.  He has agreed to plead guilty to

19  count six, and they've laid out the elements of that.  This is a

20  plea pursuant to criminal procedure 11(c)(1)(A) and

21  11(c)(1)(C).  Upon his plea, the government has said that the

22  appropriate guideline is United States Sentencing Guidelines

23  Section 2B1.1.  That he would receive a two-level decrease for

24  acceptance of responsibility.  The defendant agrees not to argue

25  for a downward departure, and the government will not argue for

1    an upward departure.  Neither will ask for a variance.  The

2    government agrees with the defendant that the defendant will pay

3    restitution in the amount of $2,358.

4         The government agrees to sentence as follows:  That if

5    it's in the range of zone A, then a sentence of no more than

6    three years probation.  If the guideline range is determined to

7    be in zone B, a sentence of probation with a component of home

8    detention equal to the low end of the applicable guideline

9    range.

10         Your Honor, I guess I'll wait just a little longer to

11   get into the factual basis unless you want me to do that now.

12   There is a waiver of appeal.

13         THE COURT:  Okay.  Mr. Murrell, is that your

14   understanding of the plea agreement?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Now, has anyone made any promise or

17   assurance to you that is not in the plea agreement to persuade

18   you to accept the agreement?

19         THE DEFENDANT:  No, sir.

20         THE COURT:  Has anyone threatened you in any way to

21   persuade you to accept the plea agreement?

22         THE DEFENDANT:  No, sir.

23         THE COURT:  Now, you understand that if the District

24   Judge chooses not to follow the terms of the plea agreement, you

25   will have the opportunity to withdraw your plea of guilty and

1  change it back to not guilty?  Do you understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  But if the District Judge were to tell you

4  that he intended to reject the plea agreement, that if you did

5  not withdraw your plea of guilty, then he could impose a

6  sentence that is either more or less severe than called for by

7  the plea agreement and you would have -- you would not then have

8  the opportunity to withdraw your plea of guilty.  Do you

9  understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Has anyone attempted in any way to force

12  you to plead guilty or otherwise threatened you?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Has anyone made any promise or assurance of

15  any kind to get you to plead guilty other than the terms that

16  are set out in the plea agreement?

17          THE DEFENDANT:  No, sir.

18          THE COURT:  Are you pleading guilty of your own free

19  will and because you are, in fact, guilty?

20          THE DEFENDANT:  I'm going to plead guilty.

21          THE COURT:  Do you understand that the offense to which

22  you are pleading guilty is a felony offense?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  And if your plea is accepted by me, you

25  will be judged guilty of that offense, and that adjudication may

1  deprive you of valuable civil rights such as the right to vote,

2  the right to hold public office, the right to serve on a jury,

3  and the right to possess any kind of firearm?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Mr. Murrell, it's my understanding that you

6  wish to enter a plea of guilty to count six.  Count six is a

7  theft count, theft of government property.  And if you plead

8  guilty to that charge, the maximum sentence that the District

9  Judge could impose upon you is a term of imprisonment of not

10  more than ten years and a fine of not more than $250,000 or both

11  the maximum fine and imprisonment.  In addition, following any

12  term of imprisonment, you would be subject to a term of

13  supervised release of not more than three years.  You would have

14  to pay a mandatory $100 assessment fee, which is similar to a

15  cost of court, and you could be ordered to make restitution.  Do

16  you understand that?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Now, Mr. Murrell, if you plead guilty

19  today, the next step in your case would be the sentencing.  And

20  your sentence -- do you understand that your sentence will be

21  determined by a combination of the advisory sentencing

22  guidelines and the statutory -- I'm sorry -- the statutory

23  factors under 18 U.S. Code Section 3553(a,) plus any possible

24  authorized departures from the advisory sentencing guidelines?

25  Do you understand that?

1      THE DEFENDANT:  Yes, sir.

2      THE COURT:  Have you and your attorney talked about how

3  the advisory sentencing guidelines might apply to your case?

4      THE DEFENDANT:  Yes, sir.

5      THE COURT:  Do you understand that at this point, no

6  one, including the judge who will sentence you, can determine

7  exactly what the advisory sentencing guidelines range is for

8  your case?

9      THE DEFENDANT:  Yes, sir.

10      THE COURT:  And only after the presentence report has

11  been completed and you and the United States have had an

12  opportunity to challenge the reported facts and the application

13  of the guidelines as recommended by the probation officer will

14  anyone be able to determine what the guideline sentence range is

15  for your case?  Do you understand that?

16      THE DEFENDANT:  Yes, sir.

17      THE COURT:  And the sentence ultimately imposed upon

18  you may be different from that estimated by your attorney?  Do

19  you understand that?

20      THE DEFENDANT:  Yes, sir.

21      THE COURT:  Do you understand that after your initial

22  advisory guidelines have been determined, the District Judge has

23  the authority in some circumstances to depart upward or downward

24  from that range and will examine other statutory sentencing

25  factors under 18 U.S. Code Section 3553(a) that may result in

1   the imposition of a sentence that is either greater or lesser

2   than the one called for by the advisory sentencing guidelines?

3   Do you understand that?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Now, ordinarily, Mr. Murrell, a person who

6   either pleads guilty or is found guilty of a federal offense has

7   the right to appeal by filing a notice of appeal within ten days

8   after the verdict or the entry of the plea.  But by entering

9   your plea of guilty here today and by signing this plea

10   agreement, you're waiving or giving up the right to challenge

11   the sentence or to appeal or collaterally attack all or part of

12   the sentence.  Do you understand that?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Do you understand that you have the right

15   to plead not guilty to the indictment and to persist in that

16   plea?  Do you understand that?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Do you understand that you would then have

19   a right to a trial by jury if you chose to have that?  Do you

20   understand that?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And that at a trial, you would be presumed

23   to be innocent and the United States would have to prove you

24   guilty beyond a reasonable doubt?  Do you understand that?

25         THE DEFENDANT:  Yes, sir.

1       THE COURT:  And that at a trial, you would have the

2  right to have an attorney to assist in your defense, one

3  appointed at no cost to you, if necessary, at trial and every

4  other stage of the proceeding.  And at a trial you would have

5  the right to see and hear all the witnesses and have them cross

6  examined in your defense, and you would have the right on our

7  own part to decline to testify unless you voluntarily elected to

8  do so in your own defense, and you would have the right to

9  compel the attendance of witnesses to testify in your defense.

10  Do you understand that?

11       THE DEFENDANT:  Yes.

12       THE COURT:  Do you further understand that at a trial,

13  if you chose not to testify or put on any evidence, those facts

14  could not be used in any way against you?  Do you understand

15  that?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  And that by entering a plea of guilty

18  today, if that plea is accepted by me, there will be no trial

19  and you will have waived or given up your right to a trial as

20  well as those other rights associated with a trial that I have

21  just described to you?  Do you understand that?

22       THE DEFENDANT:  Yes, sir.

23       THE COURT:  Now, Mr. Murrell, I'm a United States

24  Magistrate Judge.  The next higher ranking judge than myself is

25  a United States District Judge.  You have the right to enter

1  your plea of guilty, if you choose to, before the United States

2  District Judge who is assigned your case, or you may consent to

3  me taking your plea -- entertaining your plea of guilty here

4  today.  Before you came into court, did you discuss that matter

5  with your attorney and sign this form consenting to me taking

6  your plea?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  And do you wish for me to entertain your

9  plea of guilty here today?

10            THE DEFENDANT:  Yes, sir.

11            THE COURT:  I find the defendant is making a knowing

12  and intelligent waiver of his right to enter his plea of guilty

13  before a United States District Judge.

14            Now, Mr. Murrell, it's my understanding that you wish

15  to enter a plea of guilty to count six.  Count six alleges that

16  you and others, either aiding and abetting each other or

17  directly, stole property which belonged to the United States.

18  To prevail on count six at trial, the United States would have

19  to show beyond a reasonable doubt and by competent evidence four

20  elements; that is, they would have to prove four things to prove

21  your guilt beyond a reasonable doubt and by competent evidence.

22  They would have to show, first, that the money or thing of value

23  set out in the indictment which you are alleged to have stolen

24  or aided and abetted someone else to steal or someone else aided

25  and abetted you to steal had a value which exceeded $1,000;

1    secondly, that you received the money or property which was

2    listed in the indictment; thirdly, you knew the money or

3    property was stolen or converted; and finally, that you acted

4    knowingly and willfully, that is, not by way of mistake or

5    accident, with the intent to convert the money or property to

6    your use or the use of another.  Do you understand what the

7    United States would have to show beyond a reasonable doubt by

8    competent evidence to convict you at a trial on count six?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  Now, the indictment alleges in count six

11   that all of the allegations in paragraphs one through six of the

12   indictment are set out again, and then on or about the following

13   dates, an application was filed with the Federal Emergency

14   Management Agency, an agency of the United States Department of

15   Homeland Security, for benefits in connection with Hurricanes

16   Katrina or Rita, claiming damage to a location.  And

17   specifically it alleges that you submitted an application,

18   number 93-2015195, in connection with Hurricane Katrina

19   benefits.  And that application was dated November the 22nd of

20   2005, claiming damages to an address of 2136 Arnoult Road in

21   Metairie, Louisiana.  And that in the application you falsely

22   represented that you had rented the address in Metairie as your

23   primary residence when, in fact, you did not reside in either

24   Louisiana or Mobile, Alabama and did not suffer any of the

25   losses for which you submitted a claim.  And that on a later

1   date here in the Middle District of Alabama and elsewhere, you,

2   either aiding and abetting others or being aided and abetted by

3   others, both known and unknown to the grand jury, did steal,

4   purloin, and knowingly converted to your use things and money

5   which belonged to the United States or a department or agency

6   thereof whose value exceeded $1,000, and did receive, conceal,

7   and retain the same with an attempt to convert it to your use or

8   gain, knowing it to have been embezzled, stolen, purloined, and

9   converted.  And specifically, it alleges that on December the

10  21st, you and Ms. Dejarnette, on December the 21st of 2005,

11  received a FEMA disaster assistance check in the amount of

12  $2,358.

13          Mr. Murrell, essentially, what count six alleges is

14  that an application was submitted for Hurricane Katrina benefits

15  for an address in Metairie, Louisiana, and that it was submitted

16  in your name.  And that after it was submitted, FEMA, an agency

17  of the United States, sent a check in your name, and that when

18  you got that check, you then converted it; that is, you took

19  money to which you were not entitled, and either you or someone

20  else converted it to your own use or stole it by way of a

21  fraud.  Do you understand generally what the indictment

22  alleges?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Now, who would like to assist in

25  establishing a factual basis to support the plea of guilty to

1    count six?

2            MR. DEBARDELABEN:  I will, Your Honor.

3            Mr. Murrell, you've seen the indictment that I'm

4    holding in my hand today, correct?

5            THE DEFENDANT:  Yes, sir.

6            MR. DEBARDELABEN:  And at all times referred to in this

7    indictment, particularly from September '05 to January '06, and

8    more specifically to November the 22nd, 2005, you were a

9    resident of Montgomery, Alabama?

10           THE DEFENDANT:  Yes, sir.

11           MR. DEBARDELABEN:  Okay.  And on that November 22nd,

12   2005, you caused an application to be filed with the Federal

13   Emergency Management Agency, a division of Homeland Security,

14   saying that you had damages from Hurricane Katrina?

15           THE DEFENDANT:  Yes.

16           MR. DEBARDELABEN:  Okay.  And you specifically said

17   that it was a piece of property in Metairie, Louisiana,

18   correct?

19           THE DEFENDANT:  Correct.

20           MR. DEBARDELABEN:  And did you reside in Louisiana?

21           THE DEFENDANT:  No.

22           MR. DEBARDELABEN:  Okay.  And did you have any losses

23   from Hurricane Katrina?

24           THE DEFENDANT:  No.

25           MR. DEBARDELABEN:  And after that period of time, did

1  you receive a United States Treasury check in the amount of

2  $2,358?

3          THE DEFENDANT:  Yes.

4          MR. DEBARDELABEN:  Did you or someone with you cause

5  that check to be cashed?

6          THE DEFENDANT:  Yes.

7          MR. DEBARDELABEN:  Okay.  And did you receive either

8  all those funds or a portion of those funds for your own use?

9          THE DEFENDANT:  Portion of it.

10         MR. DEBARDELABEN:  Okay.  And were you entitled to any

11 of that money?

12         THE DEFENDANT:  No.

13         MR. DEBARDELABEN:  I believe, Judge, that's all --

14         MR. FEAGA:  We agree, Your Honor.

15         THE COURT:  And Mr. Murrell, the check came to you at

16 an address here in Montgomery, Alabama?

17         THE DEFENDANT:  It come to me at an address, but not my

18 address.

19         THE COURT:  But it was an address here in Montgomery,

20 Alabama?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And that's where you cashed it, somewhere

23 in the city or the county of Montgomery?

24         THE DEFENDANT:  I cashed it in the city of Montgomery

25 on Fairview Avenue.

1          THE COURT:  Okay.  Now, you understand that the next

2    step in your case will be sentencing, and that a presentence

3    report will be prepared, and the District Judge will consider

4    that and the plea agreement and determine whether or not to

5    accept or reject the plea agreement.  And if he chooses to

6    reject the plea agreement, you will have the opportunity to

7    withdraw your plea of guilty and change it to not guilty if you

8    choose to at that time.  Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10          MR. DEBARDELABEN:  How, then, do you now plead to the

11    charge in count six, guilty or not guilty, Mr. Murrell?

12          THE DEFENDANT:  Guilty.

13          THE COURT:  It is the finding of the Court in the case

14    of the United States of America versus Mack Murrell that the

15    defendant is fully competent and capable of entering an informed

16    plea, that the defendant is aware of the nature of the charges

17    and the consequences of the plea, and the plea of guilty is a

18    knowing and voluntarily plea supported by an independent basis

19    in fact containing each of the essential elements of the

20    offense.  The plea is therefore accepted, and the Defendant is

21    now adjudged guilty of that offense.

22          As I said to you a moment ago, Mr. Murrell, the next

23    step in your case will be the preparation of the presentence

24    report.  You have the right to have your attorney present at any

25    time that the probation officer questions you to gather

1    information to put together the presentence report.  The

2    presentence report will be a written report, and once the

3    investigation is done, you and your attorney will be given a

4    copy of the presentence report along with the attorney for the

5    United States.  If there are matters with which either you or

6    the United States or both of you or your attorney disagree, then

7    you will be able to -- or your attorney on your behalf will file

8    objections with the probation officer.  The United States will

9    have the opportunity to do the same thing if it chooses to do

10   so.

11        After that, you and the attorney for the United States

12   and Mr. Debardelaben will have a meeting with the probation

13   officer.  At that meeting if you can resolve any or all of the

14   objections, then they will be resolved.  Those objections which

15   cannot be resolved will be carried over to the sentencing

16   hearing.  At the sentencing hearing, you and your attorney or

17   both will be able to speak on your behalf and to present matters

18   in mitigation on your behalf.  The United States will also be

19   allowed to present any evidence in aggravation on behalf of the

20   United States and to make any argument or present any evidence

21   it feels appropriate for sentencing.  At the conclusion of that,

22   the District Judge will resolve any remaining objections, and

23   using the advisory guidelines and the statutory sentencing

24   factors and 18 U.S. Code Section 3553(a), he will then determine

25   the appropriate sentence to impose in your case.

```
 1         Do you understand the next steps in this case,

 2   Mr. Murrell?

 3         THE DEFENDANT:  Yes, sir.

 4         THE COURT:  Now, the final matter before the Court is

 5   the defendant's continued release on bond.  It's my

 6   understanding that the United States is not seeking to detain

 7   Mr. Murrell pending sentence; is that correct, Mr. Feaga?

 8         MR. FEAGA:  Yes, Your Honor.

 9         THE COURT:  Mr. Murrell, I reviewed the pretrial

10   services officer's report on your conduct while you have been on

11   bond, and she has told me that you have complied with the

12   conditions of your bond and the order setting conditions of

13   release.  I therefore find that you are not likely to flee or

14   pose a danger to others in the event that you are released

15   pending the sentencing in your case.

16         You will be notified by the clerk's office, and I'm

17   sure Mr. Debardelaben will be in touch with you as well, to let

18   you know the exact date for sentencing.  You will be sentenced

19   by Chief Judge Mark Fuller, and you should expect within the

20   next 60 to 70 days to appear before him for purposes of

21   sentencing.  But in the interim, you're free to remain on bond.

22         Is there anything further from the United States with

23   respect to Mr. Murrell?

24         MR. FEAGA:  No, Your Honor.

25         THE COURT:  Anything further from the defendant?
```

1          MR. DEBARDELABEN:  No, Your Honor.  Thank you.

2          THE COURT:  You're excused, then.  Court is adjourned.

3      (Proceedings concluded at 3:02 p.m.)

4               *  *  *  *  *  *  *  *  *  *  *  *  *

5               COURT REPORTER'S CERTIFICATE

6          I certify that the foregoing is a correct transcript

7  from the record of the proceedings in the above-entitled matter.

8          This 2nd day of May, 2008.

9

10                              /s/ Patricia G. Starkie
                                Registered Diplomate Reporter
11                              Certified Realtime Reporter
                                Official Court Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25